UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MRC GOLF, INC., | ) | Civil No. 09cv327-L(RBB) |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | **(1) DENYING PLAINTIFF'S MOTION FOR EX PARTE** |
| HIPPO GOLF COMPANY, INC., | ) ) | **TEMPORARY RESTRAINING ORDER, SEIZURE, AND OTHER** |
| Defendant. | ) ) | **RELIEF; AND** |
| | ) ) ) ) | **(2) DENYING PLAINTIFF'S MOTION TO RETAIN PLEADINGS UNDER SEAL** |

      Plaintiff, an exclusive distributor in the United States of Mitsubishi Rayon golf shafts, filed a complaint alleging that Defendant, a golf club distributor, is selling in the United States certain golf clubs falsely representing that their shafts were manufactured by Mitsubishi Rayon or with Mitsubishi Rayon materials. Plaintiff alleges trademark infringement under federal, state and common law, and violations of California Business and Professions Code Sections 17200, 17500 and 17535. On February 24, 2009 Plaintiff submitted for filing a motion to order seizure of allegedly infringing products under 15 U.S.C. § 1116(d) and a temporary restraining order under section 1116(d) and Federal Rule of Civil Procedure 65(b). Plaintiff has not served Defendant with the motion or its supporting papers. Instead, pursuant to section 1116(d), it requests that its motion and supporting papers be sealed, and that relief issue without notice to Defendant. Because the court finds that Plaintiff does not meet the requirements of section 1116(d) or Rule 65(b)(1) for ex parte relief, the motions are **DENIED**.

Under certain "narrow, extraordinary circumstances, and subject to compliance with a series of detailed requirements" (Mem. in Supp. of Pl.'s Mot. for Ex Parte TRO at 6), section 1116(d) allows for the "extraordinary measure" of an "ex parte seizure order in civil actions alleging a trademark infringement that involves the use of a counterfeit mark." *In re Lorillard Tobacco Co.*, 370 F.3d 982, 984 (9th Cir. 2004).

Plaintiff fails to meet the narrow, extraordinary circumstances because its action is not arising out of use of counterfeit marks as that term is defined in section 1116(d)(1)(B), and in the alternative because it does not meet all the requirements of section 1116(d)(4)(B).

As used in subsection 1116(d), the term "counterfeit mark" is defined as follows:

> (i) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or
>
> (ii) a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available by reason of section 220506 of Title 36.

15 U.S.C. § 1116(d)(1)(B). Plaintiff's parent company has registered four word marks: BASSARA, DIAMANA, JAVLNFX, and FUBUKI. (Decl. of Chris Elson dated Feb. 13, 2009, Ex. 1-4.) Plaintiff does not maintain, and the record does not reflect, that the allegedly infringing products display any of these word marks. Instead, Plaintiff's complaint is that Defendant is using the Mistubishi Rayon trade name. (Mem. in Supp. of Pl.'s Mot. for Ex Parte TRO dated Feb. 18, 2009 at 3; Decl. of Hikaru Shiraishi dated Feb. 11, 2009 at 1.) However, Plaintiff has not asserted, and has not presented any evidence, that the Mitsubishi Rayon trade name is registered. Accordingly, the definition of counterfeit mark provided in section 1116(d)(1)(B)(i) is not met. The definition provided in subsection (ii) also does not apply. It applies to violations of 36 U.S.C. § 220506, which Plaintiff does not allege.

Plaintiff contends that the marks on Defendant's golf club shafts are counterfeit as defined in 15 U.S.C. § 1127. Like section 1116(b), section 1127 refers to registered marks, and therefore lends no support to Plaintiff's contention that its case arises out of the use of counterfeit marks. Because Plaintiff has not presented sufficient evidence that Defendant used a

"counterfeit mark," its motion for an ex parte seizure order and temporary restraining order under section 1116(d)(1)(A) and motion to seal the motion pleadings under section 1116(d)(8) are denied.

The motions are denied on the alternative ground that Plaintiff has not met all the requirements of section 1116(d)(4)(B). It provides in pertinent part:

> The court shall not grant such an application unless . . . [¶] the court finds that it clearly appears from specific facts that–
>
> . . .
>
> (vii) the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

This provision serves the purpose of the seizure order, which is "to preserve the evidence necessary to bring trademark counterfeiters to justice." *Lorillard Tobacco*, 370 F.3d at 987; *see also id.* ("seizure simply protects the integrity of the evidence in pending civil action"). Contrary to the purpose of remedies for trademark infringement, its purpose is not to keep the allegedly infringing products off the market. *See id.*

Although Plaintiff concedes that "Defendant's activities are not necessarily fly-by-night operations" (Mem. in Supp. of Pl.'s Mot. for Ex Parte TRO at 2), it argues that "any notice served on Defendant will trigger an immediate all-out effort to destroy, move, hide, sell or otherwise make the counterfeit product inaccessible to the Court (*id*. at 9, *see also id.* at 2-3). However, the evidence does not support these assertions. According to Plaintiff's affidavits, a cease and desist letter was delivered to Defendant in September 3, 2008, however, instead of ceasing the sale of allegedly infringing products, Defendant continued to sell them and reduced their price. (Decl. of Mark Gunther dated Feb. 11, 2009 at 2-3; Decl. of David S. Bristol dated Feb. 18, 2009 at 2-4.) Plaintiff cites to no case law for the implied proposition that continued infringement itself constitutes destruction of evidence for purposes of section 1116(d) seizures.

Based on the foregoing, the court cannot conclude "that it clearly appears from specific facts" that evidence will be destroyed unless a seizure order issues without notice. Far from

/ / / / /

1 describing an extraordinary circumstance, the evidence depicts a typical fact pattern in

2 trademark infringement cases.

> The § 1116(d) order is an extraordinary mechanism for pre-notice seizure of allegedly infringing goods. The statute sets out specific standards. If the applicant cannot meet those standards, immediate seizure is foreclosed but the ultimate remedy is preserved. We do not take lightly the concern that evidence may evaporate upon notice to a party. But notice is the norm in our courts. The district court has other vehicles available to address disappearing evidence, including sanctions for spoliation of evidence.

*Lorillard Tobacco*, 370 F.3d at 989. Accordingly, Plaintiff's motion for an ex parte seizure order and temporary restraining order under section 1116(d)(1)(A) and motion to seal under section 1116(d)(8) are denied on this alternative ground.

Plaintiff's motion for a temporary restraining order without notice to Defendant is based on an alternative and independent ground provided by Federal Rule of Civil Procedure 65(b)(1). It permits a temporary restraining order

> without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. Proc. 65(b)(1). Circumstances justifying the issuance of an ex parte temporary restraining order are extremely limited because

> our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute.

*Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006), quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). In cases such as this, where it is possible to find and serve the adverse party, courts have recognized

> a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action. In the trademark arena, such cases include situations where an alleged infringer is likely to dispose of the infringing goods before the hearing. To justify an ex parte proceeding on this latter ground, the applicant must do more than assert that the adverse party would dispose of evidence if given notice. Plaintiffs must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing and must support such assertions by

> showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history.

*Reno Air Racing*, 452 F.3d at 1131 (internal quotation marks, brackets, ellipsis and citations omitted).  Plaintiff's affidavits, discussed above in the context of its motion for an ex parte seizure order, fall short of making the requisite showing.  Plaintiff does not contend that failure to issue a temporary restraining order without notice would render further proceedings in this case futile, that Defendant is likely to disregard a court order, or that it has a history of spoliation of evidence.  Instead, Plaintiff's argument is based, without articulation or citation to legal authority, on an implied premise that continued sale of allegedly infringing products equals destruction of evidence.  Plaintiff fails to make the showing necessary before a temporary restraining order can be issued ex parte pursuant to Rule 65(b)(1).

Based on the foregoing:

1. Plaintiff's Motion for Ex parte Temporary Restraining Order, Seizure Order, and Other Relief is **DENIED**.

2. Plaintiff's motion styled as Motion to Retain Pleadings Under Seal Related to Seizure Order and Supporting Documents is **DENIED**.

3. The court notes that in its 14-page memorandum Plaintiff does not cite to a single binding case law authority.  All the cases cited are from District Courts outside the Ninth Circuit and from Circuits other than the Ninth or the Federal Circuit.  In any future filings Plaintiff shall cite to pertinent Ninth Circuit, Federal Circuit or Supreme Court authority.  Only upon counsel's certification that a diligent search was performed and no binding case law on point existed, may Plaintiff cite to non-binding case law.  Failure to comply with this order, or with any other order of this court, civil local rule of this District or Federal Rule of Civil Procedure may result in sanctions being imposed against Plaintiff's counsel.  *See* Civ. Loc. R. 83.1(a).

**IT IS SO ORDERED**.

DATED: February 26, 2009

M. James Lorenz
United States District Court Judge

1 | COPY TO:
2 | HON. RUBEN B. BROOKS
   | UNITED STATES MAGISTRATE JUDGE
3 | ALL PARTIES/COUNSEL