UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MRC GOLF, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>HIPPO GOLF COMPANY, INC.,<br><br>           Defendant. | Civil No. 09cv327-L(RBB)<br><br>**ORDER GRANTING EX PARTE APPLICATION TO WITHDRAW AS COUNSEL OF RECORD** |

On October 27, 2009 counsel for Defendant Hippo Golf Company, Inc. filed an ex parte application to withdraw as counsel of record. Although Defendant and Plaintiff were served with the application, they did not respond. For the reasons which follow, the application to withdraw is **GRANTED**.

An attorney representing a client before a tribunal may not withdraw except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); Cal. R. Prof. Conduct 3-700(A)(1). This court requires counsel to "comply with the standards of professional conduct required of members of the State Bar of California, and decisions of any court applicable thereto." Civ. Loc. R. 83.4(b).

Counsel maintains withdrawal is necessitated by Defendant's failure to meet its obligation to communicate and cooperate with its counsel in the proceedings, and to meet its

financial obligations.[1]  The counsel argue these circumstances have rendered it impossible to continue to adequately represent Defendant.

Withdrawal is permissible under these circumstances.  *See* Cal. R. Prof. Conduct & 3-700(C)(1)(d) (unreasonably difficult for counsel to carry out his employment) & 3-700(C)(1)(f) (failure to pay fees).  Although the rules do not mandate withdrawal, they make it permissive.

An attorney may not withdraw until he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . .."  Cal. R. Prof. Conduct 3-100(A)(2).  Counsel have represented to the court that prior to requesting withdrawal, they had made all required efforts to protect Defendant from prejudice and would continue to protect it from prejudice pending an order permitting withdrawal.  Having reviewed the application and the supporting declarations of counsel, the court finds good cause to grant the application.

Defendant is a corporation and therefore must be represented by counsel.  *See* Civ. Local Rule 83.3(k); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004).  No later than **December 4, 2009** Defendant shall file a notice of appearance identifying its new counsel, including address and telephone number.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defense counsel's *ex parte* application to withdraw as counsel of record is **GRANTED**.

2. The Clerk of Court shall reflect on the docket that Law Offices of Gray Robinson P.A. and Luce, Forward, Hamilton & Scripps LLP are terminated as counsel for Defendant.

3. Defense counsel shall serve a copy of this order on Defendant by most expeditious means available and file a proof of service no later than **November 9, 2009**.

4. No later than **December 4, 2009** Defendant shall file a notice of appearance identifying its new counsel, including address and telephone number.

---

[1] Under the State Bar of California Rules of Professional Conduct, attorneys are bound to preserve client confidences when seeking withdrawal, if disclosing them would prejudice the client or violate the counsel's duty of confidentiality.  *See* Cal. R. Prof. Conduct 3-700(A)(2).  In light of these limitations, counsel often is not able to discuss in detail the reasons for withdrawal.

5. Defendant's answer may be stricken, default entered against it, and its counterclaims may be dismissed if it fails timely to comply with this order.

**IT IS SO ORDERED**.

DATED: November 5, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL