1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

11 | MRC GOLF, INC.,                          )      Civil No. 09cv327-L(RBB)
                                              )
12 |                Plaintiff,                 )      **AMENDED ORDER GRANTING**
                                              )      **PLAINTIFF'S MOTION FOR**
13 | v.                                        )      **SUMMARY JUDGMENT**
                                              )
14 | HIPPO GOLF COMPANY, INC.,                 )
                                              )
15 |                Defendant.                 )
   | _____      )
16

17          Pursuant to Federal Rule of Civil Procedure 60(a), the order filed October 22, 2010 is

18   hereby amended primarily to delete the words "during the pendency of this action" from page 4,

19   line 18 of the order.  This amended order supersedes the order filed October 22, 2010.  The clerk

20   shall issue an amended judgment consistent with this order.

21          The amended order is as follows:

22          This is a trademark infringement action involving golf clubs.  Plaintiff MRC Golf, Inc.

23   ("MRC") filed a complaint against Defendant Hippo Golf Company, Inc. ("Hippo") for

24   infringement.  MRC, an exclusive distributor in the United States of Mitsubishi Rayon golf

25   shafts, alleged that Hippo, a golf club distributor, was selling in the United States certain golf

26   clubs falsely representing that their shafts were manufactured by Mitsubishi Rayon or with

27   Mitsubishi Rayon materials and bearing the Mitsubishi Rayon trademark.  The complaint alleges

28   six causes of action:  (1) false designation of origin and false description in violation of 15

1  U.S.C. § 1125(a); (2) dilution of trademark in violation of 15 U.S.C. § 1125(c); (3) dilution of
2  trademark in violation of California Business and Professions Code § 14245; (4) untrue and
3  misleading advertising in violation of California Business and Professions Code §§ 17500 and
4  17535; (5) unfair competition in violation of California Business and Professions Code § 17200;
5  and (6) common law trademark infringement.  Among other things, MRC requested injunctive
6  relief and damages.

7  On April 10, 2009 the parties stipulated to a preliminary injunction, which enjoined
8  Hippo from

> using in any manner the name or mark 'Mitsubishi Rayon' either alone or in
> combination with any other words which so [*sic*] resemble such designation as is
> actually used by Plaintiff in connection with the importation, distribution,
> advertising, promotion, offering for sale and/or sale of any golf clubs or any other
> products.

12  (Joint Mot. Re Stipulated Prelim. Inj., filed Apr. 10, 2009 & Order Granting Joint Mot. for
13  Prelim. Inj., filed Apr. 13, 2009).  In the proposed pretrial order and at the pretrial conference
14  held June 14, 2010 the parties stipulated to render the preliminary injunction permanent.

15  In addition, at the pretrial conference the parties were ordered to file motions on the
16  issues which could be resolved by motion rather than trial.  (*See* Order After Pretrial Conference,
17  filed Jun. 16, 2010.)  Pursuant to this order, MRC filed a summary judgment motion regarding
18  the claims for damages.  Hippo did not file any motions and did not oppose MRC's summary
19  judgment motion.[1]

20  Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on
21  factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive
22  determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).
23  Summary judgment or adjudication of issues is appropriate if the "pleadings, depositions,
24  answers to interrogatories, and admissions on file, together with the affidavits, if any, show that
25  there is no genuine issue as to any material fact and that the moving party is entitled to judgment

26

---

27  [1]  On July 13, 2010 Hippo's counsel filed a motion to withdraw, which was granted.
28  (*See* Order Granting Ex Parte Application to Withdraw as Counsel of Record, filed Jul. 22, 2010.)

1    as a matter of law."  Fed. R. Civ. P. 56(c).

2        Together with MRC's summary judgment motion, on July 1, 2010 the parties filed a Joint

3    Statement of Undisputed Facts, which is incorporated herein by reference.  The parties agreed,

4    among other things, that MRC is

5        authorized to use, enforce and defend the "Mitsubishi Rayon" trade name and
         designs.  [¶]  MRC has for more than 10 years engaged in interstate and world-
6        wide manufacture and sale of Mitsubishi Rayon golf shafts.  MRC is the sole
         authorized seller of these golf shafts, and **HIPPO has no right to sell this**
7        **product**.

8        HIPPO was supplied from a third party vendor golf shafts that bore the words
         "Mitsubishi Rayon" as that name appears on MRC's golf shafts.  The first supply
9        was shipped to HIPPO in 2007.  HIPPO created advertising materials including
         product catalogs for the years 2007 and 2008 representing to the public that it had
10       obtained special "Mitsubishi Rayon" proprietary golf shafts for sale to the public.
         HIPPO's golf clubs have never been made of "Mitsubishi Rayon" material.

11

12   (Joint Statement of Undisputed Facts, filed Jul. 1, 2010 (emphasis added).)  Furthermore,

13   Hippo's regional sales manager Jason Iocco admitted that the reputation of Mitsubishi Rayon

14   golf clubs was "very good" in the golfing community and that Hippo was using this as the

15   selling point for their golf clubs.  (Pl.'s Ex. 5, Dep. of Jason Iocco at 7 & 13.)  Hippo used

16   Mitsubishi Rayon's reputation as a

17       part of the sales pitch to say . . . we're now using Mitsubishi Rayon shafts.  And
         customers of ours immediately recognized the name Mitsubishi Rayon, and often
18       they would comment as, oh, yeah, as far as who on tour is using that shaft at the
         time. . . . [I]t's an obviously recognizable name and very important part of the
19       sales pitch that we would make with every phone call.

20   (*Id.* at 13.)

21       Based on the foregoing admission, agreed facts, and the stipulated permanent injunction,

22   there is no genuine issue as to any material fact whether Hippo violated 15 U.S.C. Section

23   1125(a) and that it is liable for the violation.

24       In addition to the stipulated permanent injunction, in its motion MRC requests a judgment

25   for damages pursuant to 15 U.S.C. Section 1117(a) in the amount of Hippo's gross receipts for

26   the sale of the infringing golf clubs.  The parties agreed that "HIPPO sold at least 20,501 golf

27   clubs with the name 'Mitsubishi Rayon' on them during the years of 2007, 2008 and 2009.  The

28   total sales income generated from those sales was $1,321,535."  (Joint Statement of Undisputed

Facts at 2.)  Section 1117(a) provides in pertinent part:

> When . . . a violation under section 1125(a) or (d) of this title . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. . . .  In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.  In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.  If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. . . .

It is undisputed that Hippo's sales of the infringing clubs amounted to $1,321,535.  Hippo has not presented any evidence or argument to meet its burden to prove any elements of cost or deduction which should be subtracted from the sales to arrive at Hippo's profit under section 1117(a).  "If the infringer provides no evidence from which the court can determine the amount of any cost deductions, there is no obligation to make an estimate, and 'costs' need not form any part of the calculation of profits."  J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 30:66 (4th ed., Westlaw 2010); *see also Am. Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1063 (2nd Cir. 1990) ("Ordinarily, a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless the defendant adequately proved the amount of costs to be deducted from it.").  Accordingly, MRC's motion for summary judgment and damage award in the amount of $1,321,535 is **GRANTED**.

Based on the foregoing,  the clerk shall enter an amended judgment for Plaintiff MRC Golf, Inc. against Defendant Hippo Golf Company, Inc. as follows:

1.  Defendant Hippo Golf Company, Inc. and its officers, agents, employees, successors and assigns are enjoined and restrained from using in any manner the name or mark "Mitsubishi Rayon" either alone or in combination with any other words, which resemble said designation as is actually used by Plaintiff MRC Golf, Inc., in connection with the importation, distribution, advertising, promotion, offering for sale, and/or sale of any golf clubs or any other products; and

/ / / / /

/ / / / /

09cv327

        2.  Plaintiff MRC Golf, Inc. shall recover the sum of  $1,321,535 against Defendant

Hippo Golf Company, Inc.

        **IT IS SO ORDERED**.

DATED:  October 25, 2010

                                                    _M. James Lorenz_
                                                    M. James Lorenz
                                                    United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

09cv327